IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | No. CR20-4090-LTS |
| vs. | ) | |
| FABIAN ALCARAZ-SANTILLAN, | ) | |
| Defendant. | ) | |

**GOVERNMENT'S SENTENCING MEMORANDUM**

I.  **WITNESSES**

The government does not intend to call any witnesses.

II. **EXHIBITS**

The government does not intend to present any exhibits.

III. **CONTESTED GUIDELINE ISSUE**

The United States objects to the application of a four-level reduction for defendant as a minimal participant. There are no other contested guideline issues.

IV. **INTRODUCTION**

On December 8, 2020, a grand jury returned a two-count indictment charging defendant with conspiracy to distribute a controlled substance, and possession with intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846. (Docket 2). On December 15, 2020, after a

contested detention hearing, defendant was released with conditions. (Docket 17). On January 5, 2021, the court granted an unresisted motion to continue the trial. (Docket 22). On January 13, 2021, United States Probation Office (USPO) filed a pretrial violation report due to defendant's failure to appear for a state court hearing, therefore incurring a new law violation. (Docket 24). The court issued an arrest warrant for defendant. *Id.* On February 1, 2021, the court granted a second unresisted motion to continue. (Docket 26). On March 8, 2021, defense counsel requested a status hearing due to defendant's whereabouts being unknown. (Docket 27). Following the status conference, defendant's case was stricken. (Docket 30). On August 23, 2021, defendant was arrested pursuant to a federal arrest warrant. (Docket 32). On August 25, 2021, defendant was ordered detained pending trial. (Docket 34). On September 8, 2021, defendant pled guilty to count one pursuant to a plea agreement. (Docket 41). The court ordered probation to prepare a Presentence Investigation Report (PSIR).

The PSIR calculated defendant had two-criminal history points placing him in criminal history category II. (PSR ¶ 30). The PSIR determined defendant should be held responsible for approximately 5.95 kilograms of actual (pure) methamphetamine, corresponding to a base offense level of 38. (PSR ¶ 18). USPO believed defendant to be a minimal participant, which resulted in an adjusted base offense level of 32. *Id.* Defendant further received a four-level

reduction as a minimal participant. (PSR ¶ 21). After a two-level increase for obstruction of justice, defendant's total offense level was 30. (PSR ¶ 22, 26).

The PSIR indicated that defendant has a mandatory minimum of 10 years' imprisonment and, with the application of a four-level reduction for minimal role, has a guideline range of 120 months to 135 months' imprisonment. (PSR ¶ 54, 55). Should the court apply a two-level reduction for minor role, defendant would have an adjusted base offense level of 34. Absent a role reduction, defendant has an adjusted base offense level of 40, corresponding to a guideline range of 324 months to 405 months' imprisonment.

V. FACTUAL BACKGROUND

On September 4-5, 2020, law enforcement intercepted two suspicious packages addressed from Guadalajara, Mexico, to the home of defendant's parents. (PSR ¶¶ 9, 10). Upon examination of these packages, a total of approximately 5.9 kilograms of pure methamphetamine was discovered in 16 separate bundles inside women's corsets. *Id*. Law enforcement intercepted additional packages mailed from Mexico which contained methamphetamine inside corsets to addresses not affiliated with defendant. (PSR ¶ 11). On September 11, 2020, a controlled delivery of one of the packages was conducted. (PSR ¶ 12). After defendant's grandmother received the package, law enforcement entered and search the home pursuant to a search warrant. *Id*. Located in defendant's bedroom was a package receipt with corset's listed as the inventory sent from Mexico with a

3

delivery date of August 2020. *Id*. The receipt listed the inventory weight as 6 kilograms, and addressed to a residence on Highway 75. *Id*. Defendant was not present during the search, but several family members were. *Id*. On September 14, 2020, law enforcement was able to communicate with defendant. Defendant agreed to speak with law enforcement at the Homeland Security Investigation office but failed to appear. (PSR ¶ 13).

On October 18, 2020, defendant was arrested on state drug charges and agreed to speak with law enforcement. (PSR ¶ 14). During a post-*Miranda* interview, defendant admitted using methamphetamine, and being approached by a co-worker ("Blue") to provide addresses for shipments of methamphetamine for $1,000 per address. *Id*. Defendant agreed to this proposal, and facilitated the shipment of at least those in August, September 4, and September 5, 2020. *Id*. Defendant admitted he picked up the first package in August 2020 at the residence on Highway 75 and took it to "Blue." *Id*. After this package had been delivered, defendant provided the address of his parent's home for additional shipments. *Id*. Defendant admitted that he planned to deliver these packages to "Blue" as well if they had arrived as planned. *Id*.

## VI. DEFENDANT WAS NOT A MINIMAL PARTICIPANT

Pursuant to USSG §3B1.2, a defendant may receive a decrease in the offense level for a mitigating role under the following circumstances:

4

(a) If the defendant was a minimal participant in any criminal activity, decrease by 4 levels.

(b) If the defendant was a minor participant in any criminal activity, decrease by 2 levels.

In cases falling between (a) and (b), decrease by 3 levels.

Determining whether this guideline applies is a fact-based determination based on the totality of the circumstances. USSG §3B1.2, app. n. 3(C) (U.S. SENTENCING COMM'N 2018). As noted by U.S. Probation,

> Subsection (C) to USSG §3B1.2, comment. (n.3), provides that, in determining whether to apply subsection (a) or (b) to USSG §3B1.2, or an intermediate adjustment, the Court should consider the following non-exhaustive list of factors: (i) the degree to which the defendant understood the scope and structure of the criminal activity; (ii) the degree to which the defendant participated in planning or organizing the criminal activity; (iii) the degree to which the defendant exercised decision-making authority or influenced the exercise of decision-making authority; (iv) the nature and extent of the defendant's participation in the commission of the criminal activity, including the acts the defendant performed and the responsibility and discretion the defendant had in performing those acts; and (v) the degree to which the defendant stood to benefit from the criminal activity.

The defendant bears the burden of proving he is entitled to a reduction based on a mitigating role. *United States v. Salazar-Aleman*, 741 F.3d 878, 880 (8th Cir. 2013). "As the sentencing guidelines make clear, a defendant's entitlement to a mitigating role reduction requires a comparative analysis where 'each participant's actions should be compared against the other participants, and each participant's culpability should be evaluated in relation to the elements of the offense.'" *Salazar-Aleman*, 741 F.3d at 880 (citing *United States v. Deans*, 590

5

F.3d 907, 909 (8th Cir. 2010) (quotation omitted). The mere fact that a defendant is less culpable does not entitle them to a role reduction. *United States v. Johnson¸* 408 F.3d 535, 538-39 (8th Cir. 2005). "The Eighth Circuit has never found someone's role as a courier in and of itself sufficient to warrant a mitigating role reduction." *Salazar-Aleman*, 741 F.3d at 881 (quoted in *United States v. Rowe*, 878 F.3d 623, 631 (8th Cir. 2017). "Transportation is an important component of an illegal drug distribution organization." *United States v. Cartagena*, 856 F.3d 1193, 1197 (8th Cir. 2017) (quoting *United States v. Adamson*, 608 F.3d 1049, 1054 (8th Cir. 2010) (citation omitted)). A minor participant reduction may be available if he "is less culpable than most other participants, but [his] role could not be described as minimal." USSG §3B1.2, cmt. 5.

As one who received shipments of methamphetamine, and acted as a courier, defendant fully satisfied the elements of the offense for which he was convicted. Defendant voluntarily and intentionally joined in an agreement with another, knowing the purpose of the agreement was the distribution of methamphetamine. Although maybe not the full extent of the conspiracy, defendant was aware the scope of the conspiracy involved importation of methamphetamine from Mexico. Defendant first provided an address along Highway 75, drove to that residence, picked up the shipment, and took it to another for further distribution. Defendant was found with the package receipt for this shipment in his bedroom which listed the sending address as coming from Mexico, and weighed approximately 6

6

Case 5:20-cr-04090-LTS-KEM    Document 50    Filed 01/24/22    Page 6 of 8

kilograms. At that point, defendant was aware methamphetamine was being shipped to the United States from Mexico and could have significant weight. After that shipment was received and delivered, defendant decided to remain in the conspiracy and introduce his family's home into the drug smuggling operation. Defendant decided to use this address because he believed his family would not be home. Although defendant states he had not yet received the monetary benefit from the first package, he nonetheless stood to benefit from the criminal activity. Further, law enforcement confiscated other packages being shipped to the United States similar to the three packages defendant coordinated. Defendant is being held responsible only for those packages he coordinated and planned to distribute to another.

Defendant may be less culpable than others in the conspiracy, but his role in the elements of the offense cannot be described as minimal. He voluntarily entered into the conspiracy and remained in the conspiracy once he was aware of the scope. Even acting as one who provided addresses and served as a courier for others, defendant cannot show his role was minimal. At most, defendant was a minor participant.

## VII. 18 U.S.C. § 3553A FACTORS

As stated above, this offense involved a relatively significant amount of methamphetamine being shipped into the United States from Mexico. He incorporated his family into the conspiracy, with his grandmother unknowingly

receiving one of the shipments. Although defendant is a criminal history category II, his recent conduct illustrates a lack of respect for the law. After being indicted on the instant federal offense, and released under conditions, defendant failed to appear for a scheduled state court hearing and absconded. His prior scoreable offense of conviction was a domestic assault when defendant threatened to kill his girlfriend and her family in October 2019. (PSR ¶ 28). Defendant drove and parked next to his girlfriend's location and then used a knife to make a throat slitting motion across his neck. *Id.*

## VIII. CONCLUSION

The government respectfully recommends that the court apply a two-level reduction for defendant as a minor participant, and sentence defendant at the low end of an adjusted guideline range of 168 months to 210 months' imprisonment.

SEAN R. BERRY
United States Attorney

By: */s/ Patrick T. Greenwood*

PATRICK T. GREENWOOD
Assistant United States Attorney
600 Fourth Street, Suite 670
Sioux City, IA 51101
(712) 255-6011
(712) 252-2034 (fax)
patrick.greenwood@usdoj.gov

CERTIFICATE OF SERVICE

I certify that I electronically served a copy of the foregoing document to which this certificate is attached to the parties or attorneys of record, shown below, on January 24, 2022.

UNITED STATES ATTORNEY

BY: s/ Patrick T. Greenwood

COPIES TO: Tim Herschberger